■ UNITED STATES TRUST COMPANY OF NEW YORK, Respondent, v GILL & DUFFUS, INC., et al., Appellants. [607 NYS2d 317] —Order and judgment (one paper), Supreme Court, New York County (Diane A. Lebedeff, J.), entered October 29, 1992, which denied defendant Gill's motion for summary judgment dismissing the complaint, and, upon a search of the record, granted summary judgment in favor of plaintiff US Trust, unanimously affirmed. Order of the same court and Justice entered March 30, 1993, which, *inter alia,* directed the Clerk to enter judgment for plaintiff, unanimously affirmed. Judgment of the same court and Justice entered April 5, 1993, in favor of plaintiff against defendant Gill in the sum of $1,652,588.38, representing rent owed for the period Novem-

ber 1, 1990 through December 31, 1992, unanimously affirmed, with one bill of costs.

At issue on these appeals is whether plaintiff US Trust accepted a surrender of defendant Gill's sublease, by operation of law, so as to extinguish its obligation to pay rent owing for the balance of the term. Contrary to defendant's arguments, the entire history of this action and the extended negotiations undertaken by the parties, who were represented by counsel, indicate that there was never any intent by the landlord to accept a surrender. As to the change of the locks, plaintiff explained that the locks were changed because they were broken, and not to exclude the defendant. The prompt tendering of replacement keys to the defendant negates any inference to the contrary. Further, it was demonstrated that the denial of access on one occasion to representatives of the defendant was merely a security measure. It is not disputed that the premises had long been vacated, and that no business operations were taking place there at that time. To the extent that there may have been some interference with defendant's leasehold rights, it was not such as would give rise to an implied surrender of the leasehold. Lastly, the statement by a representative of plaintiff that "the space is ours" was made in the heat of the moment, and was clearly, in context, not intended to assert control over the premises inconsistent with defendant's rights.

We have considered the remaining arguments and find them to be without merit. Concur—Carro, J. P., Wallach, Asch, Nardelli and Williams, JJ.